IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELLEY WRIGHT and
WESLEY WRIGHT,

    Plaintiffs,

v.                                    Civil Action No. 5:08CV62
                                                (STAMP)
MARIE BIGGER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT MARIE BIGGER'S MOTION
FOR LEAVE TO ADD A THIRD-PARTY COMPLAINT**

I.   Background

The plaintiffs, Kelley Wright and Wesley Wright, commenced this civil action in the Circuit Court of Hancock County, West Virginia, alleging that plaintiff Ms. Wright suffered bodily injuries when the defendant ran a red light and struck the vehicle in which Ms. Wright was riding as a passenger. The defendant removed the case to federal court pursuant to 28 U.S.C. § 1332. On October 31, 2008, the defendant filed a motion with this Court to bring in a third-party defendant, Stephanie Ballato. The defendant claims that Ms. Ballato was the driver of the vehicle in which Ms. Wright was a passenger when struck and that Ms. Ballato's actions caused and/or contributed to the alleged injuries of Ms. Wright. The plaintiffs responded in opposition to the defendant's motion for leave to add a third-party complaint, and the defendant

replied.[1] For the reasons set forth below, the defendant's motion for leave to add a third-party complaint is granted.

## II. Discussion

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a defendant may bring an action as a third-party plaintiff "on a nonparty who is or <u>may be liable</u> to it for all or part of the claim against it." (emphasis added). However, if the third-party plaintiff seeks to file its third-party complaint more than ten days after serving its original answer, it must first obtain the court's permission, by motion. Fed. R. Civ. P. 14(a)(1). Granting leave to bring a third-party into an action pursuant to Rule 14(a)(1) falls within the sound discretion of the trial judge and should be liberally construed. <u>Baltimore & Ohio R.R. Co. v. Saunders</u>, 159 F.2d 481, 483-84 (4th Cir. 1947). <u>See also</u> Schwarzer, Tashima & Wagstaffe, <u>Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial</u> 7:333 (The Rutter Group 2008) ("The decision whether to permit a third party claim under Rule 14 is addressed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion.").

While this Court expresses no opinion at this time as to whether the third-party complaint has any merit, this Court does find that the defendant's claim against the third-party meets the requirements of Rule 14(a)(1) of the Federal Rules of Civil

---

[1]The plaintiffs filed both a response and an amended response in opposition to the defendant's motion for leave to add a third-party complaint.

Procedure because it alleges that Ms. Ballato may be liable for the plaintiffs' claims.  Furthermore, this Court notes that the motion was timely filed.  Pursuant to the scheduling order entered by this Court on March 19, 2008, "[m]otions to join additional parties, motions to amend pleadings, and any crossclaim or counterclaim, as well as any similar motions, shall be filed on or before October 31, 2008." (emphasis supplied).  Thus, because the defendant filed the motion for leave to add a third-party complaint on October 31, 2008, the defendant filed a timely motion within the deadline set by the scheduling order entered by this Court.

This Court is not persuaded by the plaintiffs' argument that the defendant's motion is unduly delayed.  See Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial 7:333 ("Unreasonable delay in seeking to implead a third-party may be a valid basis to deny impleader.").  The plaintiffs allege that the defendant did not file this motion until more than seven months after the filing of the complaint in this case.[2]  Nevertheless, in her reply, the defendant claims that the plaintiffs did not request the deposition of the defendant until less than two months before the joinder of parties deadline, and that it was only after this deposition, in which the defendant testified that she believed that she had a green light and that Ms. Ballato hit her vehicle, that the defendant had a good faith basis to file the motion currently

---

[2]This Court notes that the complaint in this case was filed on January 7, 2008.  The defendant filed the motion for leave to add a third-party complaint on October 31, 2008.

3

pending before this Court. Because certain information on which the defendant bases her motion was only uncovered recently in discovery, this Court does not find that the defendant deliberately delayed filing this motion. Moreover, this Court finds no evidence that either the plaintiffs or the third-party defendant would be prejudiced by this Court granting the defendant's motion. Accordingly, the defendant's motion for leave to add a third-party complaint is granted.

### III. Conclusion

For the reasons stated above, the defendant's motion for leave to add a third-party complaint is hereby GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to file the third-party complaint which was attached as "Exhibit A" to the Defendant Marie Bigger's Motion for Leave to Add a Third-Party Complaint, Docket No. 11. Further, the Clerk is DIRECTED to issue summons on the third-party complaint. The summons and third-party complaint shall then be served upon the third-party defendant in accordance with Federal Rule of Civil Procedure 14.

The party served with the summons and third-party complaint, hereinafter the third-party defendant, shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or crossclaims pursuant to Federal Rule of Civil Procedure 13.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 13, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE